IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DUNCAN J. MCNEIL, III,**

   Plaintiff,

v.                               Case No. 1:05-cv-142
                                 (Chief Judge Keeley)

**UNITED STATES OF AMERICA;
CLERK - U.S. DISTRICT COURT -
NDWV; CLERK - U.S. BANKRUPTCY
COURT - NDWV; UNITED STATES
ATTORNEY - NDWV; OFFICE OF THE
TRUSTEE - NDWV; U.S. MARSHAL
SERVICE - NDWV; FBI - NDWV; IRS -
NDWV; and SECRET SERVICE- NDWV,**

   Defendants.

## REPORT AND RECOMMENDATION

On October 5, 2005, plaintiff initiated this case by filing a civil rights complaint pursuant to 28 U.S.C. § 1361; 28 U.S.C. § 2201; Article IV of the United States Constitution; 28 U.S.C. § 1738; 28 U.S.C. § 1655; Rules 71, 69(a), 70 and 53 (b) of the Federal Rules of Civil; and the Privacy Act, 5 U.S.C. 552(a). Plaintiff, an inmate at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### I. The Complaint

In the Complaint, plaintiff asserts that he is the lawful owner of several "foreign judgments." Those judgments were issued by the United States Bankruptcy Court for the Eastern District of Washington, the United States Bankruptcy Court for the Western District of Washington, the United States District Court for the District of Idaho, and the Spokane County

Superior Court. Plaintiff asserts that each of the defendants has acquired certain constitutional, statutory, regulatory, and ministerial duties to maintain, execute, and enforce the foreign judgments. Plaintiff asserts that the defendants have failed to perform those duties and seeks an Order compelling the defendants to perform their duties and obligations under the foreign judgments.

In addition, plaintiff seeks a declaratory judgment as to the defendants' duties; a writ of mandamus compelling the defendants to perform their duties; a writ of prohibition preventing the defendants from engaging in acts that are contrary to, or in violation of, the foreign judgments; the issuance of a writ of execution and enforcement as to the foreign judgments; and an Order compelling the defendants to pay to, or turn over to plaintiff, the liquidated damages, compensation, and real and personal property associated with the foreign judgments. Also, plaintiff seeks the costs of this action, attorney fees, actual damages, punitive damages, and any other relief he may be entitled to by law.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints, which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v.

Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.  ANALYSIS

In this case, plaintiff makes no specific allegations against any of the named defendants. Moreover, plaintiff does not allege any connection between the defendants, government agencies located within the Northern District of West Virginia, and the judgments issued by courts located in the Eastern District of Washington, the Western District of Washington, Idaho, and the State of Washington. Thus, plaintiff has failed to state a claim for which relief can be granted in this Court.[2]

### IV.  Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the complaint be DISMISSED under 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party

---

[1] Id. at 327.

[2] See Fed.R.Civ.P. 8(a) "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added).

3

may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[3]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record.

Dated: January 20, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).